ORIGINAL

# In the United States Court of Federal Claims

No. 17-1784C
(Filed: December 6, 2017)

**FILED**

DEC - 6 2017

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * *

KENT THOMAS WARREN,

       *Plaintiff,*

v.

THE UNITED STATES,

       *Defendant.*

* * * * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiff, appearing *pro se*, filed his complaint, a motion for leave to continue as a *pro se* litigant, and a motion for summary judgment on November 13, 2017.[1]  On December 1, 2017, defendant moved for an extension of time to respond to plaintiff's motion for summary judgment. Plaintiff opposes that request.  We need not reach the latter motions, however, because it is clear on the face of the complaint that plaintiff has failed to plead a claim over which this court has jurisdiction.

Although the complaint and attachments are voluminous, plaintiff has alleged, in essence, two claims.  The first is a claim that the United States Department of Education has improperly considered his federal student loans in default in violation of federal statutes and regulations.  The second claim is that various federal regulations have discriminated against him in violation of

---

[1] Plaintiff's motion to proceed *pro se* is not a request for waiver of the filing fee, which has already been paid.  This court's rules explicitly allow for a plaintiff to proceed without counsel without court permission.  That motion is thus denied as moot.

the United States Constitution to prevent his working as a licensed primary or secondary education teacher. He seeks discharge of his student loans and $376,628,938.80 in monetary damages for lost teaching wages and the value his time, since his early childhood, that he alleges should have qualified as "professional development" under federal regulations.[2]   Why it is that the federal government ought to reimburse him for that time is unclear in the complaint.

The United States Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2012). A complaint must thus identify a constitutional, statutory, regulatory, or contractual provision that can be fairly read to mandate the payment of money by the United States to that individual for the breach of that provision. *See Mitchell v. United States*, 463 U.S. 206, 217 (1983). Plaintiff has not done so here.

Whether the Department of Education has followed applicable law and regulation in finding Mr. Warren's student loans to have been defaulted on is not a question cognizable under the Tucker Act. Plaintiff does not identify a statute that can be fairly read to authorize money damages for the actions taken by the Department of Education nor has plaintiff alleged any pecuniary harm as a result of the department's actions.[3]   These allegations are outside of our jurisdiction.

Similarly, the claim for damages resulting from plaintiff's inability to work as a licensed primary or secondary teacher is outside of our jurisdiction. Plaintiff has not identified a substantive source of federal law that could be

---

[2] Plaintiff also asks for a variety of other injunctive relief regarding educational practices in the United States, none of which we have jurisdiction over.

[3] It appears from the attachments to the complaint that the review process for plaintiff's loans is still ongoing at the Department of Education. The complaint alleges neither a wage garnishment nor offset against plaintiff's federal tax return by the Department of Education.

enforced for money damages relating to this claim. In this regard, plaintiff also alleges that the federal government denied him employment opportunities by not recognizing his life experience that ought to have qualified as education in lieu of formal training and degrees. He further avers that federal regulations allow foreign nationals to qualify for employment through the use specialized experience instead of formal degrees or training. This he argues is a violation of his constitutional rights as an American citizen. None of these allegations identify a source of federal law that mandates the payment of money for their violation.[4]

The conclusion is thus inescapable that the complaint must be dismissed for lack of jurisdiction. Rule 12(h) of this court's rules obligates the court to dismiss an action at any time, even *sua sponte*, if it determines that it lacks jursidiction. Accordingly, the following is ordered:

1. Plaintiff's motion to proceed *pro se* is denied as moot.

2. Plaintiff's motion for summary judgment is denied as moot.

3. Defendant's motion for an extension of time is denied as moot.

4. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

ERIC G. BRUGGINK
Senior Judge

---

[4] Plaintiff's complaint is replete with citations to the Constitution. Other than the Takings Clause of the Fifth Amendment, however, plaintiff has not identified a money-mandating provision of the Constitution. *See generally LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (explaining that neither the Due Process clauses of the Fifth and Fourteenth Amendments nor other clauses of the Fourteenth Amendment mandated the payment of money by the government). Further, citations to the Takings Clause are unavailing because the complaint does not identify a valid property right taken by the federal government. Therefore, the Fifth Amendment is not implicated, and the complaint's bare citations to it are insufficient to allege a claim over which this court has jurisdiction.